Good morning. May it please the Court, Jonathan Libby appearing on behalf of Appellant Jon Kaiser. Your Honors, Mr. Kaiser's motion to suppress should have been granted because Agent Peterson's affidavit on its face failed to establish probable cause that Sasha 12 possessed child pornography and it was based on multiple reckless if not intentional materially false statements and omissions. Now we've argued that the finding of probable cause was based on a long list of untenable chain of inferences, all of which started from some comments that Sasha 12 left on posts on the Sam's Place message board. Now that kind of started it all but the first assumption that the agent made was that these posts could only be read to mean that Sasha 12 had manually cut and pasted the external links that were in these posts because they were not hyperlinked. So he would have had to have cut and pasted these links as opposed to simply making comments without actually cutting and pasting them. That he then had to manually correct the URLs that were actually listed in the posts because they were made. Dr. Jonathan Libby Well let's go to what the agent said because it's a little bit strange. We knew he actually did because his computer was later seized so his assumptions were well founded. That doesn't mean there's probable cause. So when your client comments, the comments that he makes, why don't they make it more probable than not that he looked at the things that the links would show? He speaks about images. He talks about nice set of Madison. Those don't seem to be most consistent with just Dr. Jonathan Libby Well and so that in many ways gets to the problem with these false statements and omissions from the affidavit. Dr. Jonathan Libby So strip this false statements and omissions just for a moment. We're still left with at least one where your client seems to be referring to multiple images when there are multiple images. There's two sets of multiple images if you will and it seems more likely than not that he's referring to the pornographic images than the others. Dr. Jonathan Libby Well and of course whether or not their actual child pornography is also another issue which is one of the fatal omissions. None of the images either from these Dr. Jonathan Libby Well it's not but it's not in front of us. We know their child pornography because he was convicted of them. So just for the moment focus on you said there's no way no probable cause to show that he must have in effect looked in these files. And I'm saying take out everything you think is false. Doesn't your client still make statements that are most reasonably read as saying I must have looked at something other than the two people signing on. Dr. Jonathan Libby No Your Honor and again it's because what the agent did was for the first post he refers to it as a singular image when there are multiple  Dr. Jonathan Libby There's two. Dr. Jonathan Libby There are two. Dr. Jonathan Libby There are two which is more than one. Dr. Jonathan Libby Okay I understand. Multiple sounds like a lot. Dr. Jonathan Libby Fair enough. But it's more than one and the agent in fact acknowledged at the Franks hearing that yes he was wrong. He characterized it as an honest mistake. But then we get to the second image where he also referred to it as or the second post where he indicates it's a single image when in fact there's more than one. Dr. Jonathan Libby So what do you do with it? Let me give you the one that I think is the most difficult one for you. A set of beautiful Madison. Even if even assuming that there are two we now have the record we can see what the two images are. It seems to me just it doesn't make sense that he's referring to a set of beautiful Madison with the signature to the signature images which are clearly of two different people. Dr. Jonathan Libby Well Your Honor again he's referring to the two was that why he says that there are images in plural. There was only one image in the preview of the post. So even then. Dr. Jonathan Libby Okay so there was one only one image in the preview of the post and your client says a set of beautiful something. Dr. Jonathan Libby Well that's right. Dr. Jonathan Libby Doesn't that make it more probable than not that he's seen more than one image. Dr. Jonathan Libby Well it's not clear. But there were two images. Dr. Jonathan Libby Okay. Dr. Jonathan Libby It's not clear which one is Madison which one isn't. Dr. Jonathan Libby A set of is more than one correct. As is multiple. Dr. Jonathan Libby It may be. That's correct. And the post itself references a set. But so he may have simply been parroting what the what the post indicated in order to you know just make a comment because the rules of the message board were that he had to include comments so many times before he gets kicked off the message board. So he very well may have simply been including a comment without necessarily in fact hitting the link. Dr. Jonathan Libby Which also goes I'm sorry. Dr. Jonathan Libby I'm sorry. If you want to finish the thought. Dr. Jonathan Libby Well which also gets to the omitted post which the agent said you know it wasn't relevant for my determination there was probable cause. A post where he also where they were not able to download any images. The agents were not able to locate any images. They couldn't connect it to any link which referred to the post was referred to a set of Dushenko. And what did Mr. Kaiser say or Sasha 12th say. Fantastic set of beautiful Dushenko. Dr. Jonathan Libby The problem there was the agents were unable to recover the links. So does that demonstrate that there were no links. Dr. Jonathan Libby Well the problem is we don't know. But it's something that the magistrate judge should have been made aware of in order to make the determination. And we know under Perkins that the magistrate judge also had to have been given the images which was not done here. The badge the agent didn't give images of the previews of on the post or give any of the actual images that they located from the links. Dr. Louis Knapp He described them accurately didn't he. Dr. Jonathan Libby Well I'm not sure that the well one we don't know because his references are not maybe to the images we've never seen. Right. And it also the descriptions don't necessarily establish that they are the lascivious exhibition of the genitals. Dr. Louis Knapp One of the rule inferences that you draw. Could I ask you two quick questions. First that before we get to the false statements doesn't the good faith exception to the exclusionary rule defeat your argument on the challenge to the warrant. Dr. Jonathan Libby No Your Honor. And again and this goes to Dr. Louis Knapp Not because the agent because of the agent's actions. Right. Dr. Jonathan Libby Yeah. I mean it's it's the agent who came up with all of this and the and the magistrate judge simply was not provided with all of the information necessary to make the determination. Dr. Louis Knapp Well it's a part you know the magistrate is not a pot of plant. He could ask questions. But is there any reason why the agent couldn't rely on the determination of the magistrate in good faith. Dr. Jonathan Libby Well the magistrate was basing the decision on what the agent was  Dr. Louis Knapp So what? Dr. Jonathan Libby Well your contention is he didn't provide he provided false or incorrect information. Dr. Louis Knapp Well then we get then we get to that. But don't you aren't you confronted there with the findings of the of the district court that it was neither it wasn't material but if it was material it was not deliberate at which of which are both high hurdles to succeed in a Frank's hearing. Dr. Jonathan Libby Which is why we get to whether or not any of these materials in fact qualified as child pornography as opposed to child erotica. Even the agent acknowledged that the links were primarily child erotica that with some of them it may have just been  But in this case wouldn't it have been misleading because the two the photographs that you wanted copying really didn't reflect what actually had been downloaded on the computer. They just served as like a train from which you could draw inferences. Dr. Louis Knapp Well yes I mean Dr. Libby I don't know how including those photographs would have made it less fairly probable that child pornography was on the computer. Dr. Jonathan Libby Well what the district court essentially looking the district court does not did not actually look at any of the linked images. And by the way we have no idea if Sasha 12 looked at the particular linked images because even the agent acknowledged that they didn't look at all of the links. Dr. Jonathan Libby Right so I'm going to get that's your your your argument is that the magistrate judge must be shown the images before under Perkins. Dr. Louis Knapp He can find probable cause. Dr. Jonathan Libby That's what Perkins says that the failure to that it is the magistrate judge that has to make the determination that the images qualify as those of the exhibition. Dr. Libby Isn't it Battershell that says that? Dr. Jonathan Libby Beg your pardon? Dr. Libby Did you say Perkins I thought it was Battershell. Dr. Jonathan Libby It was Perkins followed Battershell was an older case in which this court suggested that was something that needed to be done in Perkins which is a much more recent case this court made clear that must be done. That it's a failed mission not to provide those images because when it comes to a serious exhibition it is entirely subjective and we cannot leave that subjective determination to agents. That's what the judge is there for. And so the failure to provide those images either in these previews or the actual linked judge never made a determination that there was any child pornography involved in this. And when one looks at the descriptions the district court at the Franks hearing said well the descriptions were good enough which is completely contrary to Perkins but even then the girl is pulling her skirt up exposing her bare vagina. That doesn't show that it's lascivious exhibition it just shows says that there is an image that has an exposed vagina. That's not enough for lascivious exhibition. The next one there are multiple images that show a different prepubescent female lying on her back naked from the waist down. So you're over your time and we've read all this. Fair enough. Thank you. Thank you Your Honor. Good morning Your Honor. May it please the court. Lauren Restrepo on behalf of the United States. I want to start by focusing on the applicable standard that applies here when looking at a search warrant. And it's been discussed already today but it is a fair probability the contraband or evidence of a crime will be found in a particular place. So to turn to the last point. How do we know there's a fair probability that child pornography will be found if the judge is never told or shown the images? I think from all of the facts that are located within the affidavit Your Honor starting in this case from describing the Sam's Place message board, the images that were described, the dozens of posts that were made by this particular defendant, the IP address that ties to his residence and the accurate descriptions which were not disputed at the district court. The accurate descriptions of both the posts on Sam's Place as well as the underlying images. So you think this is different than Perkins because the description of the underlying images was accurate? That's correct Your Honor. As opposed to Perkins where there was what? Was it inaccurate in Perkins? It was Your Honor. There were several critical omissions in Perkins in which that case said that based on the facts of this case had the magistrate been given accurate information about the images as well as accurate information that a Canadian law enforcement had decided that this was not child pornography with those facts that that magistrate if he had known he would have needed to see the underlying images. But in Perkins what you had was an affidavit which said that an individual had been stopped by Canadian law enforcement for child pornography but neglected to say that charges were never filed, never brought because a constable in Canada determined they weren't child pornography. That was omitted. In addition No, I know there were a lot of bad things in Perkins. My question is this. So let's look at the look at the affidavit. It's got some mistakes and omissions. The district judge finds that they're not intentional but they are there. Or reckless. Assuming that the judge how does that still I still don't know how the judge knows the images are pornographic. What is what is the evidence evidence in this case that the images on the links if clicked on are pornographic? The evidence in this case Your Honor and I would point to the descriptions themselves and that's in the record at ER 112 through 117 and in the affidavit. Descriptions by whom? Descriptions by the law enforcement officer, the agent of the of the images that when clicked on the download that showed the focal point of the images the placement of the body of the female with the legs spread out with showing her bare vagina in one instance saying with a clear fluid substance on her chest with those descriptive images which are very distinct from both Perkins from before that Battershall and Brunette of the First Circuit case the defendant sites very different descriptions. Those give detailed descriptions of the placement of the body of the placement of the genitalia of the focal point and based on those descriptions this magistrate judge could have determined that there was a fair probability based on all the evidence in the affidavit there was a fair probability that evidence of possession of child pornography would be found in the place to be searched in this case the defendant's residence and his computer. Do you read Perkins the same way your colleague does as requiring that the actual images be shown to the magistrate judge? I don't Your Honor. I read Perkins to say that in the circumstances of this case when you have two images which were not accurately described and evidence that an independent law enforcement had determined that they were not child pornography in that case the magistrate judge would have needed to see those images to make the determination themselves because the descriptions that were given by the Canadian law enforcement were very different and these photos didn't appear to be sexual in nature. It described the focal point as of the genitalia as far away and removed and those aspects were deleted from the affidavit given to the magistrate judge in the United States and aspects of them were heightened and that is very different from the situation. Take a case with no misrepresentations if the agent describes probable cause in general and then says and I've looked at the images and here's what they are and describes them that's enough for the magistrate judge to reach the conclusion that there's probable cause that child pornography was there. Yes, Your Honor. If the descriptions adequately describe the images, yes. Didn't the agent testify that the reason that he didn't include the actual images was that it was his experience with magistrates that anything that has these types of images with children, they generally don't want to see them and that testimony was credited by the district court. That's correct, Your Honor. He said that in his experience they didn't but that it is based on his descriptions very obvious that he could have provided the images and had them if the magistrate judge had wanted to see the images. So what do we do in this case with the mistakes and omissions? What effect do they have? Your Honor, I don't think they have they aren't material and I don't think they have any effect on probable cause and for that I would urge the court to look at the images themselves because at core what we're talking about is slight honest mistakes and honest oversights as the agent said beginning with one, the small footer image I would call it of the girl in the fishnet stockings. The mistakes are all about not the actual pornographic images but the signature images if you will. That's correct. None of them are about the underlying pornographic images. There was an omission on the description of one of the comments and there I think when you look at the images themselves you can see why the agent made that honest oversight because there is a clear difference between what he described as a preview image which is a preview of the images you'll see if you download versus what is a signature photo that's kind of in the signature line that is attached to every single one of the posts and what he describes in the other two. They're in very different parts of the post and when you look at the images and it's hard to describe in the briefs. But couldn't he have included these images just to make the picture complete and say these are the images on the board. These are not necessarily child pornography. Just to make the story complete you're going to see these. These are not child pornography. Just to make the story complete you're going to see these. These are not child pornography. Just to make the story complete you're going to see these. Yes Your Honor he could have but I think importantly for this case it wasn't reckless of him not to give in the accurate descriptions of both the posts and the underlying images and importantly it wasn't material to the finding of probable cause that the district court rightly found when she reviewed the images and determined looking at these there were no reckless or intentional omissions. This was an honest mistake on one image in three different posts. What do we do with the law that says you have to provide the photographs and the magistrates juxtaposed against the magistrates distaste for seeing them? I think the case Your Honor that you're referring to is the Brunette case from the First Amendment where the description of the images was and I quote photographs of a prepubescent boy displaying his genitals and there the court said that is a mere legal conclusion. It gave no facts to allow the magistrate judge to make an independent determination of what the images said and in that case giving just a recitation of the statutory language without at least some and I would quote again Brunette without at least some assessment of the specific description of the images the court needed to see. Why shouldn't we have a rule? Your friend thinks we do, maybe we don't that you're required to show the images to the magistrate judge? For a similar reason that we don't have that requirement Your Honor for the different types of child pornography for instance child pornography that shows instances of penetration other ones where this court has decided you don't the magistrate judge doesn't need to see the images themselves if it's accurately described. I think similarly for the category of lewd and lascivious child pornography No I understand that our case law suggests the magistrate judge doesn't need to see the images if accurately described. My question is that a good procedure? Why shouldn't we require that the magistrate judge see the images before he makes a determination that they're probably pornographic? Because I think with an accurate description No I understand the other one may I'm not suggesting that a mistake was made in this case. That's the issue we'll take up later. The magistrate judges are there. Somebody's coming in and saying issue a warrant. Why shouldn't they actually look at the images and say yes you're right they are pornographic? Because in a determination Your Honor of whether there's a fair probability a probable cause to find child pornography in a place I don't think it's required in all cases no matter the context for the magistrate judge to look at the images themselves. Certainly in certain contexts and certain situations based on the facts it will be required but not in every case. Alright thank you counsel you're out of time. You can have one minute. I appreciate that Your Honor. Just a few points. First with respect to the requirement Perkins we know that Perkins requires that magistrates be shown the images. No it does not. Perkins does not enact a rule that they must be shown the images in every case. Perkins says on the facts of that case where the agent lied and did a bunch of things and there was substantial doubt from his description which was conclusory whether the images were actually pornographic that they should have been shown to him. But I just reread Perkins it surely doesn't say it must be done in every case. Your Honor the entire point of the dissent in Perkins was that we don't have this requirement and the majority has just established a requirement. With all respect holdings are not established by dissents. Otherwise I could make this court a lot better. But we certainly know that that was on the minds of the panel. The panel didn't dispute that the dissent was correct on that. Thank you counsel you're out of your time. Thank you very much. United States v. Kaiser is submitted. We'll take up United States v. Vidal Castillo.
judges: Wardlaw, Hurwitz, Korman